UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHANIKA CROWLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-CV-00544-CVE-MTS |
| | ) |
| FPI MANAGEMENT, and | ) |
| ELLEN RICHARDS, | ) |
| | ) |
| Defendants. | ) |

# ORDER

Before the Court are plaintiff's pro se complaint[1] (Dkt. # 1) and motion to proceed in forma pauperis (Dkt. # 2). In reliance upon the representations and information set forth in plaintiff's motion for leave to proceed in forma pauperis, the Court finds that the motion should be granted. Plaintiff is permitted to file and maintain this action to conclusion without prepayment of fees and costs. 28 U.S.C. § 1915(a). However, because authorization to proceed in forma pauperis excuses only prepayment of the fee, plaintiff remains obligated to pay the full $350 filing fee when she is able to do so. See Brown v. Eppler, 725 F.3d 1221, 1230-31 (10th Cir. 2013) (noting that authorization to proceed in forma pauperis only excuses prepayment of the filing fee). Because the Court authorizes plaintiff to proceed without prepayment, she is not required to pay the $55 administrative fee.

On November 7, 2024, plaintiff filed a complaint using a pre-printed pro se complaint form (ProSe-01, Rev. 12/05). Dkt. # 1, at 1. In her complaint, plaintiff alleges "wrongful termination

---

[1] Plaintiff is proceeding pro se, yet she states that her "attorney's [sic] will be amending" and that she seeks "attorney['s] fees." Dkt. # 1, at 2. Plaintiff much chose to proceed either pro se or with her attorneys. Regardless, as no attorney has entered an appearance in this case, the Court construes plaintiff's complaint as a pro se complaint for the purpose of this order.

after reported grievance for discrimination." Id.  Further, she claims that she "was fired for filing a discrimination grievance" and has "grievance documents, supporting documents for the grievance and lack of evidence for being fired while on vacation from work." Id. at 1-2.  Plaintiff seeks relief in the form of "back pay, punitive damages, pain [and] suffering, debt collected due to job loss[,] and attorney['s] fees." Id. at 2.

Plaintiff has obtained leave to proceed in forma pauperis, and the requirements of 28 U.S.C. § 1915 are applicable.  See Lister v. Dep't of Treasury, 408 F.3d 1309, 1311 (10th Cir. 2005). Section 1915(e)(2) requires a district court to dismiss a case if at any time the court determines that "the action . . . (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted."  A court reviewing a pro se plaintiff's complaint must broadly construe the complaint's allegations to determine if the plaintiff can state a claim upon which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court's generous construction of a pro se plaintiff's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if [a] court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Bell Atl. Corp. v.Twombly, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do"). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997).

The Court has reviewed plaintiff's complaint in which she alleges "wrongful termination after reported grievance for discrimination." Dkt. # 1, at 1. Although plaintiff alleges that she "was fired for filing a discrimination grievance" and has evidence supporting her claim, plaintiff fails to state a basis for the Court's jurisdiction, a statutory basis for her claim, whether she filed a charge with the Equal Employment Opportunity Commission, and whether she has exhausted her administrative remedies. Id. at 1-2. Thus, plaintiff fails to state a claim upon which relief may be granted, and her complaint should be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed** for failure to state a claim.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2) is **granted**.

**DATED** this 12th day of November, 2024.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE